# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

**JOSHUA MADRID** and **SARAH PANTER**, Individually and Next Friends of Their Minor Child**, P.M.**

    Plaintiffs

vs.

**UNITED STATES OF AMERICA**,

    Defendant

**NO. 3:24-CV-01060**

Judge Eli J. Richardson
Judge Jeffery S. Frensley

## PLAINTIFFS' AMENDED MOTION AND MEMORANDUM AT LAW TO EXCLUDE DEFENDANT'S REQUEST FOR TRICARE OFFSET AND TO STRIKE TRICARE TESTIMONY

The Government offers Dr. Ruck to claim that insurance offsets P.M.'s future medical care needs. The Government also intends to offer Dr. Cohen, its economist, who relies on Dr. Ruck's testimony. The Court should exclude this testimony and any evidence related to future offset because:

1. The opinion rests on speculation, including that P.M.'s father will complete 20 years of service despite his contrary intent.

2. The Government offers no evidence—nor can it—on what specific medical care will or will not be covered by TRICARE in the future, or the amount of an offset.

3. The Government did not plead nor answer discovery on the affirmative defense of future offset.

4. The Government's experts do not pass *Daubert* muster.

# BACKGROUND FACTS

This is a Federal Tort Claims Act case arising from the catastrophic and preventable birth injuries sustained by P.M. on September 11, 2021, at Blanchfield Army Community Hospital. The medical negligence of the United States' employees and agents during Sarah Panter's labor and delivery caused P.M. to suffer a severe, permanent brain injury from hypoxic-ischemic encephalopathy (HIE). As a direct result, P.M. lives with spastic quadriplegic cerebral palsy, intractable epilepsy, cortical visual impairment, and global developmental delays. She is non-verbal, fed exclusively by a gastrostomy tube (G-Tube), and requires total around-the-clock care for all aspects of her life.

The Plaintiffs' experts place the present value of P.M.'s future medical damages at **$22,751,373.** The Government's experts have provided expert reports that the present value of P.M.'s future economic damages range from **$7,317,209 to $16,731,629.** In short, P.M.'s injuries are catastrophic and the cost to care for her lifelong injuries is extensive.

P.M.'s father, Sgt. Madrid, is currently serving in the Army as a combat medic in his sixth year of service. As active-duty military, he and his family are covered by TRICARE insurance but only while he serves. Sgt. Madrid will testify that he does not intend to serve beyond two more years, ending his duty assignment in 2028. For P.M. to receive TRICARE coverage throughout her lifetime, Sgt. Madrid would have to serve 20 years, or through at least 2040.

The Government's only evidence of any TRICARE entitlement for P.M.'s future care is a report authored by Dr. Richard Ruck. Dr. Ruck is a

pediatrician and pediatric infectious disease physician and is an employee of the United States. *See* Dr. Ruck report, Ex. 1 (Dkt. No. 56-1). Dr. Ruck is not an insurance coverage expert, and did not disclose any training, education, knowledge, or experience in the field of future medical care cost projection or insurance coverage. *Id.* Yet he was designated by the Government to opine on TRICARE coverage for **future** medical care spanning over 45 years of P.M.'s life. Dr. Ruck devotes most of his report to a discussion on the history of TRICARE. *Id.* at 2–7.

Where Dr. Ruck turns to his opinions regarding "Coverage for the Madrid family," his opinions are based on speculative conditions and unsupported assumptions. For example, Dr. Ruck speculates that P.M. *may* have coverage but only *if* Sgt. Madrid stays in the military for another 14 years. *See id.* at 8 ("**If** Mr. Madrid accrues twenty (20) years of military service, TRICARE coverage will continue to be available for his family after his retirement") (emphasis added). Dr. Ruck assumes Sgt. Madrid *wants* to serve until 2040; he will testify that he does not, as is his right. But Dr. Ruck also assumes that Sgt. Madrid would be *able* to stay in the military until 2040. This assumes that Sgt. Madrid will not die an untimely death from deployment to war as a combat medic, or from an accident or illness. If any of those scenarios happen before 2040, P.M. would lose coverage. Dr. Ruck also assumes that the military will not eliminate Sgt. Madrid's position through a budgetary reduction in force.

More to the point, Dr. Ruck concedes that if Sgt. Madrid leaves the military *for any reason* before 2040, then TRICARE coverage for P.M. will not exist. *Id.* at 9 ("If Mr. Madrid leaves the military before reaching 20 years of service, the Madrid family will lose TRICARE coverage…").

Dr. Ruck's speculative conditions multiply, where he opines that *if* Sgt. Madrid accrues 20 years of service, "TRICARE coverage will continue to be available…if the family chooses to enroll in TRICARE Prime or Select plans." *Id.* And as an apparent last resort, Dr. Ruck offers additional avenues of coverage, all of which are still speculative and conditional. *Id.* ("the Madrid family can also apply…under 10 USC 1972(2)(D)(iii). *If approved*, TRICARE coverage can continue…" or "alternatively, P.M. *may* become eligible for other federally funded health benefit programs, including Social Security Disability, Medicare or Medicaid.").

Dr. Ruck's report discloses no methodology for how he reached his speculative opinions. There is no discussion bridging the analytical gap between Sgt. Madrid's hypothetical future military service and P.M.'s medical care costs or coverage for the rest of her life.

Dr. Ruck does not provide any opinion whatsoever on the **amount** of future care that should be offset. *See id.* So, the Court is left with no evidence on what offset amount, if any, should be applied to reduce P.M.'s future medical damages, even if the Court makes the speculative jump that TRICARE will be available to P.M. Dr. Ruck's report glides past the only two issues that matter in determining an offset–what specific medical care in the future TRICARE will (and will not) cover for P.M. and the dollar amount it will (and will not) cover.

Finally, Defendant's economist, Dr. Cohen makes economic projections based on Dr. Ruck's opinion and comes up with his own estimations of what the TRICARE offset should be. *See* Dkt. No. 58-05, Cohen report. But Dr. Cohen is an economist with no TRICARE experience or connection, who has even less knowledge than Dr. Ruck about what TRICARE coverage may be in

the future. Plaintiffs move to exclude the Government's evidence of future offset because it is purely speculative and, therefore, they cannot meet their burden of proof on this issue.

## ARGUMENT & AUTHORITIES

1. ***The Government did not plead a TRICARE offset as an affirmative defense.***

To start, offset is an affirmative defense. The Government has the burden of proof to establish both the right to an offset and, importantly, how much. *See Vanhoy v. United States*, 2006 U.S. Dist. LEXIS 79303 (E.D. La. 2006), *aff'd,* 514 F.3d 447 (5th Cir. 2008) (citing *F.T.C. v. National Business Consultants, Inc.,* 376 F.3d 317 (5th Cir. 2004) (party asserting affirmative defense bears the burden of proving the defense)); *Brown v. United States*, 2020 WL 6811121, at *6 (S.D. Miss. 2020) (Defendant United States had burden of proof for affirmative defense of setoff). Thus, the Government is not entitled to a claim for future offset of damages if it does not meet its burden of proof. *E.g., Reilly v. United States*, 863 F.2d 149 (1st Cir. 1988) (holding that Government had burden but "utterly failed" to meet this burden by introducing only "general allusions to plaintiffs' possible eligibility to receive benefits" in the future).

Beyond failing to meet its burden of proof, the Government failed to plead offset as an affirmative defense. Despite pleading sixteen other affirmative defenses, the Government did not plead offset. *See* Ans. to Pls.' F. Am. Compl., Dkt. No. 24, at 15–17. Under Federal Rule of Civil Procedure

8(c), the Government cannot present evidence of a defense that it did not properly plead. *See* Fed. R. Civ. P. 8(c). *See also Ingraham v. United States*, 808 F.2d 1075 (5th Cir. 1987) ("central to requiring the pleading of affirmative defenses is the prevention of unfair surprise").

What's more, Plaintiffs requested this specific offset amount in Discovery. *See,* Plaintiffs' First Request for Production, No. 45, Ex.2 (Dkt. No. 56-2). The Government did not answer, simply averring it was too premature to be asking for the proof on which they bear the burden. *See* Defendant's Response to Plaintiffs' First Request for Production, Ex. 3 (Dkt. No. 56-3). And the Government never supplemented their answer to this discovery request. Also, the Government did not provide any calculation for its damages offset claim, as required, in its F.R.C.P. 26(a)(1)(A)(iii) disclosures. *See* Defendant's F.R.C.P. 26(a)(1) Initial Disclosures, Ex. 4 (Dkt. No. 56-4).

Even if the United States had properly plead the affirmative defense and properly responded to discovery requests, the Government is still not entitled to future offset unless it proves that: 1) P.M. will be entitled to TRICARE for her lifetime; 2) if coverage exists at all, then what necessary medical care will (and will not) be covered; and 3) the **amount** of the offset, assuming it can prove the first two prongs. The Government cannot meet their burden on any of the above.

2. ***Other Courts have rejected the Government's attempt at TRICARE future offsets.***

In recent FTCA cases across the country, the Government has asked federal courts to reduce recoveries of catastrophically injured plaintiffs claiming a future TRICARE offset that they cannot prove.

In *Brown v. United States*, the District Court declined the Government's invitation to reduce future medical damages absent evidence of what TRICARE would cover and the dollar amounts of coverage. *Brown v. United States*, 2020 WL 6811121, at \*11 (S.D. Miss. May 13, 2020). There, the court held that "[m]erely stating that future TRICARE benefits could or even will apply is too speculative to provide the basis for any specific reduction of offset against future medical expenses." *Id.*

Next, the Government attempted an unsubstantiated claim for future offset in a recent FTCA case involving a severely brain injured child, like P.M. In *Harris-Reese v United States,* the Government asked the court to assume a father would serve additional years in the military, and from that assumption, find by a preponderance of the evidence that the brain injured child would become eligible for TRICARE coverage for life. *Harris-Reese v United States*, 2022 WL 2835776 (D. Md. 2022). The *Harris-Reese* court declined that invitation because it "would be contrary to the evidence since such benefits will likely never be received." *Id.* (father testifying that he intended to leave the military before TRICARE for life entitlement could even be possible).

Even where service members want to remain in the military, whether they actually will serve the requisite period to trigger coverage is still speculative. *See, e.g., Lawson v. United States*, 454 F. Supp. 2d 373, 415 (D. Md. 2006) (court declining offset FTCA damages on grounds that receipt of such benefits was speculative even where the plaintiff's husband testified that it was "his goal" to remain in military). And that makes sense. After 10 years, Sgt. Madrid serves at the pleasure and discretion of the United States military. He may be discharged. Or when his current term ends, the United

States could decline an application for renewed enlistment. Or he could become injured, disabled, killed, or medically discharged and unable to serve. Of course, that assumes Sgt. Madrid intends to serve until 2040, which is not the case.

Federal courts have even rejected this argument in cases involving Dr. Ruck specifically. Take *Feindt v. United States*, where the Government recently attempted to use Dr. Ruck in the same manner as he is being used here. *Feindt v. United States*, No. 22-00397 LEK-KJM, 2025 WL 2254119, at *55 (D. Haw. Aug. 7, 2025). In rejecting Dr. Ruck's proffered declaration, the district court ruled that "[i]t is too speculative for this Court to apply TRICARE offsets when the benefit has not vested." *Id.* Like this case, the Government could not show by a preponderance that the minor child would "secure the benefit of TRICARE coverage upon her mother's future retirement from military service for a plethora of reasons." *Id.* The court in *Feindt* went further to explain that "even if the Court were to assume arguendo…[entitlement] to TRICARE coverage upon the military member's retirement, the Government fails to demonstrate that it is reasonably probable that the cost[s]…would be paid by TRICARE." At least one other court also rejected evidence by Dr. Ruck on future offset. *Roemen v. United States,* No. 4:19-CV-4006-LLP, 2023 WL 7386424, at *4 (D.S.D. 2023).

And that makes sense. What TRICARE covers today may not be what TRICARE covers in ten, twenty, or fifty years. *See Warren v. United States*, 669 F. Supp. 3d 987, 1029 (D. Hawaii Apr. 17, 2023) ("TRICARE benefits are speculative because the program is subject to change in the future"); *Brown*, 2020 WL 6811121, at *11 (TRICARE "is subject to being modified or even eliminated by Congress at any time."). And unlike *Feindt*, here, the

Government offers no evidence of what specific future medical care costs should be offset. *See generally* Dr. Ruck Rep., Exh 1.

Finally, there's *Galbreath v. United States,* where the Government sought a TRICARE offset after its negligence during labor and delivery at an Army hospital caused permanent injury to a child. *Galbreath v. United States*, 2022 WL 18717579 (D. Hawaii 2022). Like this case, the active-duty parent had not yet served the necessary period to qualify for TRICARE for life. The court held that "with eight years of service needed before Mr. Galbreath is eligible for retirement, it would be imprudent and speculative for the Court to presume that he will remain with the [Army] to complete his twenty years of service." *Id.* The court continued:

> In addition, neither the parties nor the Court can say with any reasonable certainty that the TRICARE program will continue for the balance of LG's life or that the benefits will never change. Given the **speculative nature** of TRICARE benefits LG might receive for future medical expenses, the Court finds that Defendant USA has failed to show that it is entitled to an offset to a damages award for such expenses." *Id.* at *2–3 (emphasis added).[1]

Sgt. Madrid does not intend to stay in the military the **14 more years** required for the TRICARE coverage. Yet the Government is asking the Court to not only assume that Sgt. Madrid will change his mind, but "in effect,

---

[1] Courts nationwide reinforce this longstanding principle. *E.g.*, *Alexander v. United States*, No. 3:14-CV-01774-RJB, 2016 WL 1733521, at *3 (W.D. Wash. May 2, 2016); *Roemen v. United States,* No. 4:19-CV-4006-LLP, 2023 WL 7386424, at *4 (D.S.D. 2023); *Murphy v. United States*, 836 F.Supp. 350, 352 (E.D.Va. 1993) (citing *Price v. United States*, 288 F.Supp. 309 (E.D.Va. 1959); *Mooney v. United States*, 619 F.Supp. 1525 (D.N.H. 1985); *Kennedy v. United States*, 2009 WL 3348404, at *10 (C.D.Cal. 2009)).

compel him [and his brain injured child] to undergo treatment from his tortfeasor." *Molzof v. United States*, 6 F.3d 461, 468 (7th Cir. 1993).

The Government provides no evidence of what TRICARE will cover for P.M.'s complex and multi-layered medical needs, much less what those cost numbers will be for purposes of calculating an offset of future damages. In short, the Government is inviting the Court to speculate not only *if* TRICARE coverage will apply, but to also guess what that offset amount might be. The Court should decline the Government's invitation to speculate.

3. ***Dr. Ruck should be struck under* Daubert.**

Separately, Dr. Ruck's report and proffered testimony do not pass *Daubert* muster. Federal Rule of Evidence 702 requires that expert testimony be "based on sufficient facts or data" and reflect "reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The 2023 amendments to Rule 702 emphasized that courts must scrutinize factual foundations as questions of admissibility under Rule 104(a). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Dr. Ruck's report is flooded with speculative facts and opinions and lacks any analysis linking his conditional opinions to any cost or coverage methodology. The analytical gap between his assertion that P.M will have some form of TRICARE coverage is not only too large to pass 702 muster, but there is also no application of methodology whatsoever.

Additionally, Dr. Ruck's report and proffered testimony should be struck on 702(a) grounds. Testimony regarding the history of TRICARE is not

helpful to the Court as trier of fact where, as here, there is no connection by a preponderance of the evidence between TRICARE and P.M.'s future medical costs. Additionally, it is unhelpful to accept Dr. Ruck's speculative and conditional opinions where, as here, there is no genuine issue of material fact that Sgt. Madrid does not intend to serve in the military for 20 years. Third, Dr. Ruck proffers no opinion on the bottom line—he disclosed no opinion on what offset should be applied. And nor could he have. He is not an insurance coverage expert and disclosed no qualification that would support cost and coverage determinations. In sum, Dr. Ruck fails each prong of Rule 702.

4. ***Dr. Cohen's TRICARE testimony should be struck under*** **Daubert.**

Likewise, Dr. Cohen's report and proffered testimony on TRICARE do not pass *Daubert* muster. On March 16, 2026, Plaintiffs learned that Defense economist Dr. Cohen is unavailable to appear live at trial. Since that time, the parties have attempted to reach an agreement on the admission of the non-TRICARE portions of Dr. Cohen's report in lieu of his live testimony but were unable to do so. Today, counsel for Defendant announced that they intend to offer all of Dr. Cohen's opinions, including those on an alleged TRICARE offset at trial, and that Dr. Cohen's trial deposition will be taken on April 8, 2026. As such, Plaintiffs are amending this motion to include the motion in limine to include Dr. Cohen's TRICARE testimony as well as Dr. Ruck's testimony.

Dr. Cohen lacks any disclosed qualifications, training, education, or experience specific to TRICARE or military health benefits. He is an economist, not an insurance expert, and certainly not a TRICARE expert. His opinions on TRICARE coverage appear to be entirely derivative of Dr. Ruck's

opinions, rather than based on any independent expertise or reliable methodology. An expert cannot simply parrot another expert's opinions in an area where the first expert has no expertise of his own.

Dr. Cohen has no specific connection to TRICARE. He has disclosed no work with military health benefits, no study of TRICARE regulations or operations, no experience analyzing TRICARE coverage determinations, and no expertise that would qualify him to opine on what TRICARE will or will not cover for P.M.'s complex medical needs over the next 40+ years. His testimony on TRICARE is inherently unreliable because it is not grounded in his own expertise but rather borrowed from Dr. Ruck's opinions.

Dr. Cohen's lack of expertise in TRICARE creates an analytical gap that cannot be bridged. He is not qualified to make the threshold determinations about whether TRICARE coverage will exist and what it will cover. These are not economic questions—they are insurance coverage questions requiring specialized knowledge of TRICARE that Dr. Cohen simply does not possess.

## CONCLUSION

Because the Government only presents speculative projections from Dr. Ruck or Dr. Cohen on the offset issue; because the Government cannot offer any actual evidence as to the amount of offset it asks the Court to provide; because the Government failed to properly plead an offset affirmative defense, and because the Government failed to answer discovery on any future offset, Plaintiffs request the Court to exclude the Government's experts Dr. Ruck and Dr. Cohen from testifying on TRICARE and on the issue of a TRICARE offset.

The Government has failed to satisfy its burden of establishing an entitlement to future offset against any award for P.M.'s future care and services. Therefore, no offset based on potential future TRICARE benefits, if any, is appropriate.

Respectfully Submitted,

/s/ Laurie Higginbotham
LAURIE HIGGINBOTHAM
  laurie@trial.law
  Texas State Bar #50511759
  *Pro Hac Vice*
TOM JACOB
  tom@trial.law
  Texas State Bar #24069981
  *Pro Hac Vice*
STEVEN HASPEL
  steven@trial.law
  Texas State Bar #24109981
  *Pro Hac Vice*
WHITEHURST, HARKNESS,
  BREES, CHENG, ALSAFFAR,
  HIGGINBOTHAM, & JACOB
  P.L.L.C.
1114 Lost Creek Blvd. Suite 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)


Patrick Witherington
Witherington Injury Law
51 Century Blvd. Ste 125
Nashville, TN 37214
Tennessee Bar No. 022348
patrick@wlawfirm.com
(615) 697-6503


Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I certify a copy of this pleading has been served on March 27, 2026 via ECF.

Served:  Anica Clarissa Jones, anica.jones@usdoj.gov
            Stephen R. Terrell, Stephen.Terrell2@usdoj.gov


/s/ Laurie Higginbotham
Laurie Higginbotham