# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

**JOSHUA MADRID** and **SARAH PANTER**, Individually and Next Friends of Their Minor Child, **P.M.**
    Plaintiffs

vs.

**UNITED STATES OF AMERICA**,
    Defendant

**NO. 3:24-CV-01060**
Judge Eli J. Richardson
Judge Jeffery S. Frensley

## PLAINTIFFS' TRIAL BRIEF ON EVIDENCE OF UNPLEAD AFFIRMATIVE DEFENSES

The Court should not allow any evidence related to the Government's affirmative defenses of Vanderbilt's alleged subsequent negligent care and cord separation for the following reasons:

1. Federal law *and* Tennessee law forbid a defendant from introducing evidence at trial of a third-party's conduct without explicitly identifying the third-party.

2. The United States did not name Vanderbilt providers in its answer.

3. The United States did not plead *any* intervening and superseding cause was responsible for P.M.'s injuries, including umbilical cord separation.

4. After the Magistrate Judge denied Defendant's motion to amend its answer to include these two affirmative defenses, filed after the close of discovery, the United States did not timely object to the denial of the motion.

Case 3:24-cv-01060    Document 81    Filed 04/08/26    Page 1 of 12 PageID #: 1368

# BACKGROUND

This is a Federal Tort Claims Act case arising from the catastrophic and preventable birth injuries sustained by P.M. on September 11, 2021, at Blanchfield Army Community Hospital. On the eve of trial, the United States wishes to introduce evidence that (1) Vanderbilt providers negligently caused some or all of P.M.'s injuries; and (2) a ruptured umbilical cord is an intervening and superseding cause under Tennessee law. Both federal and Tennessee law forbid them from doing so.

The United States pled sixteen (16) affirmative defenses. Dkt. No. 24, at 15–16 (Ans. filed Dec. 23, 2024). But the Government did not plead any affirmative defense of superseding and intervening cause. Instead, the Government pled that "Plaintiff's claims are barred, in whole or in part, by Tennessee law on comparative negligence." *Id.* at 16 ¶6. The only alleged tortfeasor the Government pled "proximately caused or contributed to be caused…" P.M.'s damages was P.M.'s mother, Sarah Panter. *Id.* at 15 ¶3. The Government pled that any fault of the United States "should be compared with and reduced by fault attributable to Sarah Panter." *Id.* at 15 ¶7. No other individual or entity was named as an alleged tortfeasor.

The Government separately pled a conditional defense. Specifically, "**[t]o the extent** any of Sarah Panter and P.M.'s injuries…were proximately and/or solely caused by a third party…Plaintiffs' claim for recovery is therefore reduced and/or barred accordingly." *Id.* at 15 ¶4 (emphasis added). As to this third-party defense, the Government did not identify the tortfeasor nor the facts that make the tortfeasor responsible.

Over six months after the close of fact discovery, the Government sought leave to amend its answer. Dkt. No. 42 (filed Nov. 18, 2025); Dkt. No. 28, at 2 (Sch. Order). For the first time, the Government "specifically aver[ed] that Vanderbilt University Medical Center (VUMC) is a third-party contributor to P.M.'s alleged injuries and damages, and a percentage of comparative negligence should be apportioned accordingly." Dkt. No. 42.1, at 17 ¶ 6. It then sought permission to plead, for the first time after the close of discovery, allegations of its third-party comparative fault defense. *Id.* at 17 ¶ 6(a–c). The Government also tried to add a superseding and intervening defense for the first time: "The injuries and damages alleged in the First Amended Complaint were caused by an independent, intervening act and superseding cause—a ruptured umbilical cord—for which Defendant is not responsible." *Id.* at 16 ¶ 3.

On March 9, 2026, United States Magistrate Judge Jeffrey Frensley denied the Government's motion to amend its answer to assert an affirmative defense against Vanderbilt and an affirmative defense that the ruptured umbilical cord was an intervening act and superseding cause of P.M.'s injury. *See* Dkt. No. 47. Judge Frensley found "substantial" potential prejudice to the Plaintiffs should the Government be permitted to pursue these defenses at trial and likewise found the United States' explanation "simply insufficient and [did] not constitute good cause." *Id.* at 6 ("In effect, the United States asks this Court to excuse its delay based on an epiphany occurring months after the…deadline"). In reaching this conclusion, Judge Frensley observed how the Government has known about the facts concerning Vanderbilt and the ruptured umbilical cord since this claim was first presented

administratively in August 2023. *Id.* at 2. *See also* Dkt. No. 45 (Plfs. Resp. to Mot. Am. Ans.), at 2–4.

The United States did not object to the Magistrate's ruling within 14 days. Instead, it informed this Court at the April 7, 2026 pretrial conference that it had precedent permitting the Government to present evidence on these defenses at trial. The Government's brief fails to support its contention. Dkt. No. 79.[1]

## ARGUMENT & AUTHORITIES

The FTCA is a "broad waiver of sovereign immunity." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Clement v. United States*, 980 F.2d 48, 53 n.12 (1st Cir. 1992) (same). The FTCA makes the Government liable, "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. It does so "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As the Government concedes, the substantive law of Tennessee controls. Dkt. No. 79, at 3 (citing *Richards v. United States*, 369 U.S. 1, 11 (1962); 28 U.S.C. § 2674).

---

[1] The Government sought leave to amend its answer to add *both* defenses of Vanderbilt's third-party negligence and superseding and intervening cause. Though its trial brief only addresses one defense (Vanderbilt's alleged negligence), *both* affirmative defenses should be excluded from trial.

1. ***The Government Omits Binding Sixth Circuit Precedent Directly On Point Against It***

In its trial brief, the Government neglected to cite *Free*, which is binding Sixth Circuit precedent directly on point and against it. *Free v. Carnesale*, 110 F.3d 1227 (6th Cir. 1997). In *Free*, a medical malpractice case was brought in diversity and under Tennessee law. *Id.* at 1228. The Sixth Circuit tackled the issue of whether a defendant met their burden of pleading to allow comparative fault at trial and held the district court committed reversible error in allowing exactly what the Government is asking to do at this trial. *Id.* at 1230.

At trial, the defendant in *Free* was permitted to introduce evidence at trial that a subsequent treater, a vascular surgeon named Dr. Burke, caused plaintiff's injury. *Id.* at 1229. On appeal, the Sixth Circuit stated: "The question we must decide is whether this pleading adequately raises the affirmative defense of comparative fault." *Id.* at 1230–31. The Sixth Circuit observed that Tenn. R. Civ. P. 8.03 requires that a party seeking to raise comparative fault must "set forth affirmatively facts in short and plain terms relied upon to constitute ... comparative fault (**including the identity or description of any other alleged tortfeasors**)." *Id.* (emphasis added).[2]

--------------------------------------------------------------------

[2]    *Free*'s holding is consistent with Tennessee law too. *E.g.*, *George v. Alexander*, 931 S.W.2d 517 (Tenn. 1996) (Tennessee Supreme Court held prohibited trial evidence of a nonparty's comparative fault, and held that any attempt to introduce this evidence amounts to "blame-shifting" that triggers a defendant's duty to affirmatively plead that allegation.); *Brown v. Wal-Mart Disc. Cities*, 12 S.W.3d 785, 786 (Tenn. 2000) (same); *Crotty v. Flora*, 676 S.W.3d 589, 605 (Tenn. 2023) ("Note that the defendant must identify or describe other alleged tortfeasors who should share fault, or else the defendant normally would be barred from shifting blame to others at trial.").

The Sixth Circuit found the defendant's pleadings "deficient in several ways"—all of which are problems for the Government here:

- the defendant "not identify Dr. Burke either by name or description" (*id.* at 1230–31)

- the defendant pled a "conditional statement" of responsibility for injury (*id.* at 1231)

- the defendant did not identify facts giving rise to Dr. Burke's negligence (*id.*)

Here, the Government only pled that P.M.'s mother shares fault.[3] Dkt. No. 24, at 15. And the Government asserted the same conditional third-party defense. *See* Dkt. No. 24, at 15 ¶4 ("*[t]o the extent* any…injuries…were proximately and/or solely caused by a third party…" (emphasis added)). What's more, the Government pled no facts about Vanderbilt. *Free*, 110 F.3d at 1231. In fact, "Vanderbilt," "hypothermia," nor "cooling," do not appear anywhere in the Government's answer. *See* Dkt. No. 24.

Because the "answer [did] not identify Dr. Burke either by name or description and set forth no facts indicating that he was negligent in his treatment of plaintiff," the Sixth Circuit held that "[i]t was error for the District Court to permit [the defendant] to argue Dr. Burke's comparative fault." *Free*, 110 F.3d at 1231. The Government invites this Court to commit the same error in this case. The Court should decline that invitation.

---

[3] This Affirmative Defense blaming P.M.'s mother is unsupported by any of the Government's experts or treating providers and the Government did not raise it in the Joint Pretrial Order.

### 1.1. **The Government's Cases Miss the Mark**

All of the Government's briefing points to an irrelevant, earlier phase of litigation—motions to strike under Rule 12(f) and motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 79, at 4–6. Those cases answer fundamentally different questions. A Rule 12(f) motion asks whether a court should strike insufficient matter from a pleading, not whether a defendant may present trial evidence and argument on an inadequately pled affirmative defense. Fed. R. Civ. P. 12(f). A Rule 12(c) motion likewise asks the court to render dispositive judgment on the pleadings themselves and must be brought towards the beginning of a case. Fed. R. Civ. P. 12(c).

That distinction is substantive, not semantic. *Faulkner v. MX Sports, Inc.*, No. 3:23-CV-00802, 2025 WL 2600016, at *3 (M.D. Tenn. Sept. 8, 2025). In *Faulkner*, Judge Aleta Trauger granted a plaintiff summary judgment barring any evidence of comparative fault at trial because the defendant's answer inadequately identified a third-party tortfeasor. *Id.* at *2–4. The *Faulkner* Court rejected the defendant's attempt to import motion-to-strike standards. *Id.* ("defendant's characterization of the motion as one to strike an affirmative defense is misguided"). The Government is equally misguided here. This case is not just beginning; we are proceeding to trial next week.

But *had* plaintiffs filed a Rule 12(f) motion, the Government would lose.[4] Take *McClanahan v. Carthage OPCO LLC*, No. 2:22-cv-00061, 2023 WL

---

[4] For some reason, the Government appears to fault Plaintiffs for not seeking relief under Rule 12(f) or some other avenue of relief. Dkt. No. 79, at 2 ("Plaintiffs have never moved to strike Defendant's affirmative defense"). That is an irrelevant point. And Tennessee district courts still exclude evidence at or

12241974, at *1 (M.D. Tenn. 2023). In the motion to strike context, the Court said that the defendant could identify the third party in a pleading other than its answer "so long as it does so sufficiently in advance of trial to allow the plaintiff the opportunity to join the responsible party." *Id.* at *5. In this case, the deadline to add parties was February 7, 2025. Dkt. No. 28, at 3 ¶ H. The first pleading identifying Vanderbilt was a responsible third party was filed 9 months, 1 week, and 4 days after that deadline. Dkt. No. 42. Even assuming Dr. Eriksen's report could be construed as a "pleading," (which it is not), it was not served until 6 months and 3 weeks after the deadline to add parties. Dkt. No. 44, at 2.

As the *McClanahan* court stated: "Delay in identifying others who may be responsible for the' harms alleged in [plaintiff's] complaint will therefore be at the defendants' own peril." 2023 WL 12241974, at *1 (cleaned up).

### 1.2. Evidence of a Superseding and Intervening Cause Affirmative Defense Is Also Barred

In its trial brief, the United States is silent on its intent to pursue the affirmative defense of superseding and intervening cause. *See generally* Dkt. No. 79. Since the Government relies on it in the pretrial order, however, Plaintiffs address it and seek to exclude it. Dkt. No. 70, at 3.

---

before trial regardless of whether a 12(f) motion was filed. *E.g.*, *Burgess v. Codman & Shurtless, Inc.*, No. 2:14-CV-00371, 2016 WL 9175471, at *6 (E.D. Tenn. Sept. 1, 2016). In *Burgess,* the plaintiff in a diverse medical malpractice action sought exclusion of an expert's opinion that a subsequent treater negligently caused or contributed to the plaintiff's injury. *Id.* Because the plaintiff sought the exclusion of trial evidence, Rule 12 had no bearing on the analysis. Instead, the *Burgess* Court excluded the proffered evidence by applying Tennessee law and *Free*. *Id.* at *6; *see also Crotty*, 676 S.W.3d at 605 (pretrial evidentiary exclusion order, not simply a pleading-strike order).

An independent superseding and intervening cause is an affirmative defense in Tennessee. *Godbee v. Dimick*, 213 S.W.3d 865, 883 (Tenn. Ct. App. 2006) (citing *George*, 931 S.W.2d at 527). It is a common-law "liability shifting device." *Id.* It provides that "a negligent actor will be relieved from liability when a new, independent and unforeseen cause intervenes to produce a result that could not have been foreseen." *Glenn v. Conner*, 533 S.W.2d 297, 301–02 (Tenn.1976).

The *Free* analysis—whether its answer adequately pled the defense—can be brief. This defense was not raised in the Government's answer. Dkt. No. 24. The words "umbilical," "torn," "cord," and "rupture" do not appear anywhere in the Government's answer. *Id.* And the Government asked for leave to amend but was not permitted to add this defense either. Dkt. No. 47 (Magistrate denying motion to add superseding and intervening cause defense). It would be error under *Free* to permit evidence and argument on this unpled defense at trial. *See also Godbee*, 213 S.W.3d at 889 ("trial court erred in charging the jury as to an inapplicable legal principle").

## 2. ***The Government Failed to Object to the Magistrate's Decision***

In its failed attempt to amend, the Government represented to this Court: "Now, in preparation for trial, Defendant submits that an additional affirmative defense **must** be added to the Answer, and the comparative negligence defense already asserted **must** be updated to specifically name a third-party contributor." Dkt. No. 44, at 2 (emphasis added). First, the Government sought add an affirmative defense of "a torn, or ruptured, umbilical cord" as an "independent, intervening act and superseding cause"

*Id.* at 3. Then, it sought to amend its affirmative defense blame Vanderbilt for not providing therapeutic hypothermia within six hours of life. *Id.* at 5.

Defendant's attempt to amend and its outcome are instructive in two ways. One, by filing the motion to amend, the Government acknowledged that its original answer did not comport with the law to introduce comparative fault evidence about Vanderbilt or the alleged superseding and intervening cause of the cord evidence at trial. Second, the Government's failure to object to the Magistrate's denial of its motion waived this Court's consideration of the same core issue. Fed. R. Civ. P. 72(a).

It is well-settled that a magistrate's ruling on a motion to amend an answer is nondispositive.[5] *Elliott v. First Fed. Cmty. Bank of Bucyrus*, 821 F. App'x 406, 412 (6th Cir. 2020); *Fielding v. Tollaksen*, 510 F.3d 175 (2nd Cir. 2007); *Patel v. Meridian Health System, Inc.*, 666 Fed. App'x. 133 (3rd Cir. 2016); *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590 (7th Cir. 2006) ("the magistrate judge's statute, § 636(b)(1)(A), lists dispositive motions on which a magistrate judge may not issue a final ruling without de novo review by the district judge; motions to amend pleadings are not included.").

If a party is dissatisfied with a Magistrate's decision, "a party may serve and file objections to the order within 14 days…" Fed. R. Civ. P. 72(a). A party "may not assign as error a defect in the order not timely objected to." *Id.*; *see also Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015) ("Failure to do so risks losing the right to appeal the

---

[5]   Even if it were dispositive, the deadline to object is 14 days. Fed. R. Civ. P. 72(b)(2).

underlying issue"); *Berry v. Ocwen Loan Servicing, LLC*, No. 218CV02689SHLDKV, 2019 WL 13153209, at \*2 (W.D. Tenn. Sept. 19, 2019).

It would be "inappropriate" to allow the Government "to sidestep the [Magistrate's] order" merely by raising the same argument "and forcing the district court to respond anew." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015); *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 892–93, 893 n. 9 (8th Cir. 2005) (denying review where party failed to object to magistrate's ruling in time but later filed a motion to reconsider); *Key Energy Res., Inc. v. Merrill*, 230 F.3d 1197, 1200–01, 1201 n. 3 (10th Cir. 2000) (finding waiver after the window for objecting). That is what the Government is asking this Court to do.

## CONCLUSION

In summary, the United States cannot claim its original answer adequately pled these affirmative defenses, yet in the same breath maintain its representations to this Court in seeking leave to amend its answer after the close of discovery. If the United States were a private party in Tennessee state court or Tennessee federal court, they would be prohibited from pursuing the defenses of comparative fault and superseding and intervening cause. The Court should exclude evidence of these affirmative defenses at trial.

Respectfully Submitted,

/s/ Laurie Higginbotham
LAURIE HIGGINBOTHAM

laurie@trial.law
Texas State Bar #50511759
*Pro Hac Vice*
TOM JACOB
tom@trial.law
Texas State Bar #24069981
*Pro Hac Vice*
STEVEN HASPEL
shaspel@nationaltriallaw.com
Texas State Bar #24109981
*Pro Hac Vice*
NATIONAL TRIAL LAW P.L.L.C.
1114 Lost Creek Blvd. Suite 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)


Patrick Witherington
Witherington Injury Law
51 Century Blvd. Ste 125
Nashville, TN 37214
Tennessee Bar No. 022348
patrick@wlawfirm.com
(615) 697-6503


Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

I certify a copy of this pleading has been served on April 9, 2026 via the

Court's ECF/CM system.

Served: Anica Clarissa Jones, anica.jones@usdoj.gov
Stephen Terrell, Stephen.terrell2@usdoj.gov


/s/ Laurie Higginbotham
Laurie Higginbotham